# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL WHITELAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 01-0719-CV-W-FJG |
| ) | Crim. No. 95-00052-01-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Currently pending before the Court is petitioner's Motion for Relief from Judgment (Doc. # 29).

## I. BACKGROUND

On March 16, 1995 a federal grand jury returned a four count indictment against petitioner, Michael Whitelaw and Steven Merritt. The defendants were charged with Conspiracy to Distribute Cocaine and Cocaine Base, in violation of Title 21 U.S.C. § 846; Conspiracy to Use and Carry a Firearm During a Drug Trafficking Offense in violation of Title 18 U.S.C. § 924(n), Aiding and Abetting the Attempted Distribution of Cocaine in violation of 21 U.S.C. § 846 and Title 18 U.S.C. § 2. Additionally, Whitelaw was charged with Carrying a Firearm in Relation to a Drug Trafficking Offense in violation of Title 18 U.S.C. § 924(c)(1). A trial was held and Whitelaw was convicted of Aiding and Abetting Distribution of Cocaine and Carrying a Firearm in Relation to a Drug Trafficking Offense. On October 3, 1995, Whitelaw was sentenced to serve a term of 240 months on Count Three and a consecutive period of 60 months on Count Four.

Whitelaw filed an appeal to the Eighth Circuit, which was denied on June 12, 1996. Thereafter, on July 5, 2001, over five years later, Whitelaw filed a petition for relief pursuant to 28 U.S.C. § 2255. In his petition, Whitelaw alleged that his attorney had rendered ineffective assistance of counsel and the case of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rendered his indictment and sentencing invalid. On November 21, 2002, this Court entered an Order finding that his allegations of ineffective assistance of counsel were untimely and finding that Apprendi did not apply. On December 9, 2002, Whitelaw filed a Motion for Reconsideration. In his Motion, he argued that the doctrine of equitable tolling prevented application of the Section 2255 one year statute of limitations between the time his conviction became final on September 12, 1996, and September 12, 1997. On March 12, 2003, this Court denied Whitelaw's Motion for Reconsideration. On March 26, 2003, Whitelaw filed a Petition for a Certificate of Appealbility which was denied on April 25, 2003. Whitelaw filed his Notice of Appeal on May 17, 2003, which was denied by the Eighth Circuit on October 14, 2003. The United States Supreme Court denied Whitelaw's Petition for a Writ of Certiorari on March 3, 2004. Whitelaw filed the instant Motion for Relief From Judgment Pursuant to F.R.Civ.P. 60(b) on October 13, 2005.

## II. DISCUSSION

Whitelaw argues that the November 21, 2002 Order denying his § 2255 Motion is void as a matter of law because there has been an intervening change in the law. Whitelaw states that in United States v. Martin, 408 F.3d 1089 (8th Cir. 2005), the Eighth Circuit held that the doctrine of equitable tolling applied to the limitations period for § 2255 motions. Whitelaw argues that as in the Martin case, his counsel's actions

amounted to "extraordinary circumstances" which justify tolling the limitations period in his case. Whitelaw states that he acted diligently in retaining attorney Lance Haley in January 1997 to prepare and file his § 2255 motion. However, despite assuring Whitelaw and his family that the motion would be timely filed, Haley failed to file the motion. Whitelaw states that he eventually was forced to file a Disciplinary Complaint against Haley. Whitelaw asserts that he is filing a proper Rule 60(b) motion because he is challenging the integrity of the prior proceeding which led to the judgment under attack and he is not attacking his sentence or conviction. Whitelaw requests that the Court grant him an evidentiary hearing because he states there are disputed issues of material fact which are not contained in the record.

The Government argues that Whitelaw is attempting to relitigate the denial of his original §2255 petition and that he cannot do so without seeking prior authorization. Thus, the Government argues this Court must first determine whether Whitelaw's purported Rule 60(b) motion is in fact a successive collateral attack under § 2255.

28 U.S.C. § 2244 (b)(3)(A) states in part, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In Boyd v. United States, 304 F.3d 813 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003), the Court stated:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the

3

> Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines that the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported Rule 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

Id. at 814. Recently, in Abdur'Rahman v. Bell, 537 U.S. 88, 123 S.Ct. 594, 154 L.Ed.2d 501 (2002), the Supreme Court dismissed a writ of certiorari as improvidently granted. However, Justice Stevens in his dissent stated, "I believe we have an obligation to provide needed clarification concerning an important issue that has generated confusion among the federal courts, namely, the availability of Federal Rule of Civil Procedure 60(b) motions to challenge the integrity of final orders entered in habeas corpus proceedings." Id. at 89. Justice Stevens stated that "in order to resolve both the jurisdictional issues and the questions presented in the certiorari petition, it is necessary to identify the difference, if any, between a Rule 60(b) motion and a second or successive habeas corpus application." Id. at 94. Justice Stevens stated that "the difference is defined by the relief that the applicant seeks. Is he seeking relief from a federal court's final order entered in a habeas proceeding on one or more of the grounds set forth in Rule 60(b), or is he seeking relief from a state court's judgment of conviction on the basis of a new constitutional claim?" Id. Justice Stevens noted that the difference had recently been explained in a dissenting opinion filed by Judge Tjoflat in Mobley v. Head, 306 F.3d 1096 (11th Cir. 2002)(Tjoflat, J., dissenting):

> A "second or successive" habeas corpus petition, as discussed above, is meant to address two specific types of constitutional claims by prisoners:

4

> (1) claims that 'rel[y] on a new rule of constitutional law', and (2) claims that rely on a rule of constitutional law and are based on evidence that 'could not have been discovered previously through the exercise of due diligence' and would establish the petitioner's factual innocence. 28 U.S.C. § 2244(b)(3)(A). Neither of these types of claims challenges the district court's previous denial of relief under 28 U.S.C. § 2254. Instead, each alleges that the contextual circumstances of the proceeding have changed so much that the petitioner's conviction or sentence now runs afoul of the Constitution. In contrast, a motion for relief under Rule 60 of the Federal Rules of Civil Procedure contests the integrity of the proceeding that resulted in the district court's judgment.
> . . .
> In sum a "second or successive" habeas corpus petition, like all habeas corpus petitions, is meant to remedy constitutional violations (albeit ones which arise out of facts discovered or laws evolved after an initial habeas corpus proceeding), while a Rule 60(b) motion is designed to cure procedural violations in an earlier proceeding–here, a habeas corpus proceeding–that raise questions about that proceeding's integrity.

Id. at 1100 - 1101.

In the instant case, Whitelaw is challenging a "procedural violation in an earlier proceeding – here, a habeas corpus proceeding– that raise[s] questions about that proceeding's integrity." Id. at 1101. Thus, the Court does not find that this is a second or successive habeas petition. However, the Court also does not find that petitioner is entitled to relief. Whitelaw argues that his case is indistinguishable from that of the petitioner in Martin. However, the Court finds that there are several key differences.

In Martin, the Eighth Circuit noted that the attorney in that case had lied to petitioner and his wife about the filing deadline, repeatedly lied regarding the status of the case, refused to communicate with them, neglected to file any documents and failed to return any of petitioner's paperwork. The Court stated:

> Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter. . . . After carefully reviewing the circumstances of Martin's case, we are convinced that he has met this burden. He hired [an attorney] well in advance of his filing

5

> deadline . . .Martin and his wife did everything in their power to stay abreast of the status of his case, and provided [the attorney] with original documents to assist in the matter. When Martin lost faith in [his attorney] after months of deception and neglect, Martin filed a complaint with the California Bar. He also filed motions with the district court seeking an extension of time and the return of the documents he sent to [his attorney] so that he could prepare a §2255 motion. When those motions proved fruitless, Martin promptly filed a pro se §2255 motion.

Id. at 1095 (internal citations omitted).

In the instant case, unlike Martin, Whitelaw waited seven months after his conviction became final to even contact attorney Haley about filing a § 2255 motion. Whitelaw's father states in his affidavit:

> I made calls to his office to make arrangements to get the rest of the payment done but it seemed as though Mr. Haley became elusive, never returning my calls, and would not correspond to my son whose name is Michael Whitelaw. We came to the conclusion that Mr. Haley had no intention on filing the 2255 motion and time was running out to get something done, so we took the matter up with the local Bar Association. After several letters of correspondence I received a letter from the Bar Association stating that Mr. Haley had informed the Bar that he had lost the transcripts and legal documents that my son had forwarded to him.

(Merrill Whitelaw Affidavit, p. 1, Attachment to Doc. # 10). Although Mr. Whitelaw and his family contacted the Bar Association, Mr. Whitelaw's father, specifically acknowledges that they were aware that there was a time limit for filing the motion which was quickly running out. In contrast, in Martin, the attorney specifically lied and told Martin and his wife several times that there was no one year deadline for §2255 motions and that those who told him otherwise were incorrect. The attorney also told Martin's wife that he would be filing the motion within two weeks and after the deadline passed, told her that he had filed the papers. The other key distinguishing factor is that after Martin realized that his attorney was not going to act on his behalf, he took steps

6

on his own behalf, such as filing motions for extensions of time, asking the Court to have his counsel return his paperwork and filing a pro se §2255 petition. None of these actions were taken by Whitelaw in the instant case. To the contrary, Whitelaw did nothing until he filed the instant §2255 motion on July 5, 2001, almost four years after his initial deadline expired on September 12, 1997. Whitelaw's attorney also did not affirmatively mislead him regarding the one year deadline. Although the Court acknowledges that Mr. Haley could have done more to keep his client and his family informed, it appears that there arose a dispute about the fee and Mr. Haley closed the file. "All I received during that time period were a lot of excuses about his family's financial and health problems, and how he could not afford to pay my firm the money that he promised would be forthcoming. Eventually, I gave up, closed the file, and placed it in storage." (January 7, 1999 Letter from Haley to Missouri Supreme Court Committee on Ethical Conduct, Attachment B to Doc. # 10). However, there is no allegation that Haley affirmatively misled or lied to Whitelaw about the deadline or that Haley acted in a manner which completely prevented Whitelaw from filing his motion. In Cook v. Moore, No. 4:06-CV-00057-RWS, 2006 WL 176107 (E.D.Mo. Jan. 24, 2006), the Court found that the petitioner was not entitled to equitable tolling because there was no suggestion of deception on the part of his counsel or lack of knowledge regarding the filing deadline. The Court stated, "[p]etitioner has not shown diligence in pursuing his legal rights, and the alleged failings of trial counsel do not rise to the level of 'extraordinary circumstances' to excuse such lack of diligence and warrant equitable tolling." Id. at *2. Similarly, in United States v. Mansell, Civil No. 05-2178, 2006 WL 1313164, (W.D.Ark. May 12, 2006), the Court stated, "[e]quitable tolling is appropriate

7

when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. . . . Lack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling." Id. at *4. In the instant case, although Whitelaw experienced some difficulties with his counsel, the Court does not find that they rise to the level of "extraordinary circumstances" necessary to justify the application of equitable tolling.

## CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Whitelaw's Motion for Relief from Judgement Pursuant to Fed.R.Civ.P. 60(b) (Doc. # 29).


Date:  July 7, 2006　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge