# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL WHITELAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 01-0719-CV-W-FJG |
| ) | Crim. No. 95-00052-01-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Currently pending before the Court is petitioner's Motion for a Certificate of Appealability (Doc. # 37).

## I. BACKGROUND

On March 16, 1995 a federal grand jury returned a four count indictment against petitioner, Michael Whitelaw and Steven Merritt. The defendants were charged with Conspiracy to Distribute Cocaine and Cocaine Base, in violation of Title 21 U.S.C. § 846; Conspiracy to Use and Carry a Firearm During a Drug Trafficking Offense in violation of Title 18 U.S.C. § 924(n), Aiding and Abetting the Attempted Distribution of Cocaine in violation of 21 U.S.C. § 846 and Title 18 U.S.C. § 2. Additionally, Whitelaw was charged with Carrying a Firearm in Relation to a Drug Trafficking Offense in violation of Title 18 U.S.C. § 924(c)(1). A trial was held and Whitelaw was convicted of Aiding and Abetting Distribution of Cocaine and Carrying a Firearm in Relation to a Drug Trafficking Offense. On October 3, 1995, Whitelaw was sentenced to serve a term of 240 months on Count Three and a consecutive period of 60 months on Count Four.

Whitelaw filed an appeal to the Eighth Circuit, which was denied on June 12, 1996. Thereafter, on July 5, 2001, over five years later, Whitelaw filed a petition for relief pursuant to 28 U.S.C. § 2255. In his petition, Whitelaw alleged that his attorney had rendered ineffective assistance of counsel and the case of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rendered his indictment and sentencing invalid. On November 21, 2002, this Court entered an Order finding that his allegations of ineffective assistance of counsel were untimely and finding that <u>Apprendi</u> did not apply. On December 9, 2002, Whitelaw filed a Motion for Reconsideration. In his Motion, he argued that the doctrine of equitable tolling prevented application of the Section 2255 one year statute of limitations between the time his conviction became final on September 12, 1996, and September 12, 1997. On March 12, 2003, this Court denied Whitelaw's Motion for Reconsideration. On March 26, 2003, Whitelaw filed a Petition for a Certificate of Appealability which was denied on April 25, 2003. Whitelaw filed his Notice of Appeal on May 17, 2003, which was denied by the Eighth Circuit on October 14, 2003. The United States Supreme Court denied Whitelaw's Petition for a Writ of Certiorari on March 3, 2004. Whitelaw filed a Motion for Relief From Judgment Pursuant to F.R.Civ.P. 60(b) on October 13, 2005 which was denied by this Court on July 7, 2006. Whitelaw has now filed a Motion requesting a Certificate of Appealability. Whitelaw argues that the district court held him to an "objectively unreasonable" standard by contending that his efforts in seeking legal assistance for help with filing his § 2255 and attempting to retrieve his transcripts were not diligent enough.

## II. STANDARD

2

Case 4:01-cv-00719-FJG   Document 44   Filed 12/15/06   Page 2 of 6

28 U.S.C. § 2253(c)(2) states that a certificate of appealability ("COA") may issue under paragraph (1) only if "the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court stated:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id. at 484.

## III. DISCUSSION

Petitioner contends that the Court in denying his Motion for Relief from Judgment pursuant to Rule 60(b) acted unreasonably in holding petitioner to a higher standard. Petitioner also contends that the Court overlooked the fact that his attorney, Lance Haley, misrepresented critical facts to petitioner and his family. Petitioner argues that his counsel misrepresented: 1) that he would file the § 2255 petition after receiving the first payment and that 2) Haley did not inform the family that the § 2255 petition would not be filed until he had received the remainder of the payment. Petitioner argues that Haley should have informed the family that if the remainder of the fee was not paid by a certain date, then he would return the initial payment and they would have to seek assistance elsewhere. Petitioner states that the Court's earlier order failed to consider this factor in determining that petitioner's circumstances did not qualify as extraordinary.

3

Petitioner argues that the Court overlooked the fact that his counsel's conduct rises to the level of malpractice and the resulting effect it had on his ability to file a § 2255 petition in a timely manner. Petitioner also argues that the Court did not properly address the diligence with which he and his family pursued his application nor consider whether counsel's actions in failing to return petitioner's trial transcripts affected his ability to file a timely § 2255. Petitioner argues that the Court failed to consider whether counsel's actions in taking a fee and representing that he would file the § 2255 motion constituted misrepresentation.

The Government argues in opposition that Whitelaw was unable to demonstrate deception on the part of his counsel or lack of knowledge concerning the filing deadline. The Government states that lack of counsel, lack of legal knowledge and lack of access to legal materials are not circumstances which warrant the application of equitable tolling. The Government also argues that equitable tolling in the context of a § 2255 motion does not involve constitutional principles.

Petitioner in reply states that this Court held him to an unreasonable application of the law and that his counsel's misconduct rises to the same level as that described in U.S. v. Martin, 408 F.3d 1089 (8th Cir. 2005). Petitioner argues that the issue is debatable and another court could resolve the issue differently.

The Court does not agree that petitioner was held to a higher standard or that the issue is one which is debatable among jurists. The circumstances in petitioner's case and those in the Martin case were simply different. As this Court noted in the previous order, in Martin, the attorney lied to his client about whether there was a filing deadline, lied about the status of the case, refused to communicate with his client and failed to file

4

any documents or return any of the paperwork. Although there are some similarities, such as the lack of communication and the failure to return paperwork, the Court does not find the these conditions completely prevented petitioner from timely filing his § 2255 motion. Petitioner admits that he and his family were aware that there was a deadline. Additionally, he waited until seven months had passed before even contacting an attorney about filing the motion and he failed to ask for an extension of time to file his motion or to request duplicate copies of his transcript from the Court. As the Court stated in U.S. v. Mansell, No. 05-2178, 2006 WL 1313164 (W.D.Ark. May 12, 2006):

> Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999). "Equitable tolling should only apply where the petitioner or movant has demonstrated diligence in pursuing the matter." United States v. Martin, 408 F.3d at 1095. Lack of counsel, lack of legal knowledge and lack of access to a law library or legal research materials, are not circumstances which warrant the application of equitable tolling. "[A] lack of legal knowledge or legal resources" does not warrant the application of equitable tolling." Id. . . . . Additionally, since there is no constitutional right to "constitutionally effective counsel" in a § 2255 proceeding, the fact that Mansell has not been represented by post-conviction counsel does not toll the running of the one-year time limit established under § 2255. . . . Further Mansell's inability to obtain a copy of the transcript of his plea proceeding or his sentencing does not excuse his delay filing the pending motion. Mansell's claims are straight forward and are essentially legal in nature.

Id. at *4 (internal citations omitted).

### III. CONCLUSION

Accordingly, the Court does not find that petitioner has demonstrated extraordinary circumstances warranting the application of equitable tolling. The Court

5

also does not find that this issue is one which is debatable among reasonable jurists.

Therefore, the Court hereby **DENIES** petitioner's Motion for a Certificate of

Appealability (Doc. # 37).


Date: December 15, 2006                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                            United States District Judge

6

Case 4:01-cv-00719-FJG   Document 44   Filed 12/15/06   Page 6 of 6